[No. 14802. Department One. September 30, 1918.]

JAMES JOHNSON, *Respondent,* v. OSCAR GOODENOUGH
*et al., Appellants.*[1]

APPEAL—DECISIONS REVIEWABLE—AMOUNT IN CONTROVERSY. The amount claimed, and not the amount recovered, determines the jurisdiction of the supreme court in actions at law for the recovery of money, under Const., art. 4, § 4, limiting the same when the original amount in controversy does not exceed $200.

APPEAL—RECORD—EXHIBITS. It is not essential that a bulky exhibit be physically attached to the statement of facts, when sent up with the record and referred to in the statement and identified in the judge's certificate.

CORPORATIONS—STOCK—CONTRACT OF SALE—DIVIDENDS—CONSTRUCTION. Where the by-laws of a warehouse company provided for two kinds of dividends, (1) a flat rate based on the shares of stock, and (2) participatory in surplus in proportion to the volume of business done by members, a sale of shares in which the buyers agreed to pay the seller any dividends due upon his stock, applies only to the flat or stock dividends, and does not render them liable for subsequently declared participatory dividends in which the seller was treated by the corporation as a non-member; since the by-laws imposed the condition of doing business with the company to share in the participatory dividend, irrespective of owning stock; and his remedy, if any, was against the corporation declaring the dividend, and not against the stockholders upon their contract of purchase.

SAME. In such a case, it would be incumbent on the seller to show the amount of business transacted by participating members and by himself, in order to show the amount he would be entitled to on a participatory dividend.

[1]Reported in 175 Pac. 306.

Appeal from a judgment of the superior court for Adams county, Mills, J., entered August 11, 1917, upon the verdict of a jury rendered in favor of the plaintiff, in an action to recover dividends on corporate stock. Reversed.

*Burcham & Blair* and *Adams & Naef,* for appellants.

*Chas. W. Johnson* and *Edward A. Davis,* for respondent.

FULLERTON, J.—In 1909, the respondent, Johnson, with others, organized a corporation known as the Producers Union Warehouse Company, the respondent subscribing for eight shares of stock therein. The organizers of the corporation were wheat growers, and the object of the corporation was to buy and sell wheat and deal in fuel and such other commodities as its organizers ordinarily used. Two forms of dividends of the earnings of the corporation were provided for in the by-laws of the organization, one a flat dividend on the corporate stock not to exceed twelve per centum of the face value of the stock, and the other a division of the surplus remaining after deducting the twelve per centum, a sum to cover depreciation and bad debts, and such further sum as the directors might deem it advisable to set aside as a reserve account; the sum so remaining to "be divided among the members in proportion to the volume of business, wheat expressed in bushels, merchandise in dollars, done by each member with the company." In the year 1914, the respondent, while a stockholder, delivered and sold to the corporation some 15,000 bushels of wheat. On February 24, 1915, he sold his shares of stock to the appellants, Goodenough and Minnick, six shares to the first named and two to the last. At the time of the sale, the respondent had misplaced the certificate is-

sued by the corporation evidencing the shares, and made affidavit to that effect, also executing to each of the purchasers a bill of sale of the number of shares transferred to them severally. The bills of sale purported to convey the stock absolutely, without reservation of any kind.

Subsequent to the sale of his stock by the respondent to the appellants, the corporation sold its business to another corporation. At about the same time, it declared and paid a dividend upon its stock to its then stockholders of twelve per centum on the face value thereof. This left a surplus of $10,789, $10,500 of which was divided among the stockholders under the second form of dividend provided in the by-laws. This dividend, because based upon the number of bushels of wheat delivered to the corporation by the participating members as well as upon the amount of business transacted by the member with the corporation, was not distributed on the basis of an equal percentage to each member. While it is stated that some seventeen members participated in it, the percentum of the sum divided received by the several members other than the appellants is not shown. In the division, Goodenough received a sum total of $1,711.67, and Minnick a sum total of $799.82. In making the dividends, the respondent, Johnson, was treated as a nonstockholder, neither the amount of the wheat delivered by him to the corporation nor the amount of business transacted by him with it prior to the sale of his stock being taken into account.

The present action was instituted by Johnson in May, 1916. He sued the appellants jointly, and after alleging in his complaint his former ownership of shares of stock in the warehouse company, his delivery to the company of 15,000 bushels of wheat and the sale of his stock to the appellants, further alleged that

he was entitled to a dividend or participatory profit on such delivery amounting to $1,350, and that the appellants purchased the stock from him with the express understanding and agreement that any dividends due upon the stock sold should remain in the seller and would be paid to him; further alleging that the defendants received the dividend and converted it to their own use. The appellants answered separately, denying the material allegations of the complaint. The cause was tried to a jury. In his evidence given at the trial, the respondent did not contend that the dividend paid on the face value of the shares of stock was reserved in the transfer of the stock, but only such sum as might be paid on the distribution of the surplus profits, the second form of dividend provided for in the by-laws. At the conclusion of the trial, a challenge to the sufficiency of the evidence to justify a verdict was interposed by the appellants, which the trial court overruled. The cause was later submitted to the jury and a verdict returned, finding against the appellant Goodenough in the sum of $216, and against the appellant Minnick in the sum of $102.60. On the return of the verdict, the appellants moved for judgment in their favor *non obstante*. The court denied the motion, but held that the verdict against Goodenough should not have exceeded $190.21 and that against Minnick $89.37, and tendered to the respondent the alternative of taking judgment against the appellants severally for the respective amounts or submitting to a new trial. The respondent elected to take judgment for the reduced sums, and judgment was entered accordingly. This appeal is from the judgment so entered.

The respondent moves to dismiss the appeal on the grounds, first, that the amount in controversy is not

within the jurisdiction of this court; and second, because the statement of facts does not contain all of the evidence.

The first ground of the motion seems to be based on the contention that the amount of the recovery, not the amount in controversy, determines the jurisdiction of this court on an appeal. But such is not the rule. The constitution (art. 4, § 4) provides that this court shall have appellate jurisdiction in all actions and proceedings, excepting that its appellate jurisdiction shall not extend to civil actions at law for the recovery of money or personal property when the original amount in controversy or the value of the property does not exceed the sum of $200. The present action manifestly is a civil action at law for the recovery of money in which the original amount in controversy exceeds the sum of $200. The amount in controversy is determined by the allegations of the complaint, and the allegations therein relating to the amount will be held to govern in determining the right of appeal, unless it is clear they were made in bad faith or in attempt to confer jurisdiction when it otherwise would not exist. The respondent, of course, does not assert that his demand for $1,350 was not made in good faith.

The second ground for dismissal is also without merit. The evidence pointed out in the brief as not in the record is a certain exhibit numbered 4; but we find it in the record. True, it is not physically attached to the statement of facts; from its bulky nature it could not well be so attached, but it is referred to in the statement, and the trial judge has attached thereto a certificate to the effect that it is an exhibit in the case, making reference to the particular page of the statement of facts wherein is contained the record of its admission in evidence. This is sufficient.

On the merits of the controversy, it is difficult to see on what principle a recovery can be had against the appellants. Since the respondent does not claim a reservation of the dividends paid upon the face value of the stock, and since the second form or participatory dividend was made without reference to the number of shares of stock held by the stockholder, but upon the number of bushels of wheat the stockholder delivered to the corporation and the amount of business he transacted with it, it is plain that the appellants acquired no advantage over other stockholders in virtue of their purchase of the respondent's stock. In other words, the number of shares held by the individual stockholder was not taken into account when making the dividend. Nor did the appellants by the purchase of the respondent's stock acquire directly any of the rights the respondent would have had in the participating dividend had he remained a stockholder. The respondent sold his shares before the participating dividend was made, and in making the dividend he was treated by the officers of the corporation as a non-shareholder. By purchasing the stock, therefore, the appellants acquired only an indirect benefit; that is to say, by the elimination of the respondent's interests the amount of the dividends was distributed over lesser interests than it otherwise would have been, and the appellants received their proportionate shares of the difference.

But the fact that the dividends of the appellants may have been increased in this indirect manner by the purchase of the respondent's shares does not, we think, give him a right of action against them. It may be that the respondent, in the sale of his shares, could have vested the right in the purchaser to collect the dividend for his use, and could have recovered against them had they done so, but this he did not do. He sold

the shares, reserving the right to participate in the dividends, thus preventing the purchasers from claiming his proportionate share. Any claim he has for this share, therefore, must exist against the corporation, and clearly he cannot maintain an action at law against these appellants for the corporation's account, at least until he shows that he has exhausted his remedies against the corporation or that pursuit of the corporation would be useless. This he has not done. On the contrary, his proofs expressly show that he has made no attempt to pursue the corporation, and show further that the corporation has on hand funds ample to meet the obligation, if the recovery against the appellants measures his true right.

Again, we think the respondent is barred from a right of recovery by the by-law of the corporation before referred to. This by-law, as will be seen, imposes two conditions on the right to share in a participating dividend; first, the person claiming the right must be a stockholder in the corporation, and second, he must have transacted business with the corporation. A stockholder is thus permitted to participate in this dividend because of his status. While the ownership of the stock is made necessary in order to so participate, the dividend is in no sense a dividend on stock. A sale of the stock without a sale of the rights following it, therefore, merely destroys the status; it does not carry with it anything more than the results usually following sales of stock. As the by-law was not a new creation, but was enacted when the respondent was a stockholder in the corporation, he was bound to take notice of it and could not, by his own contracts, change its purport or effect. When, therefore, he parted with his stock, he did not reserve to himself any right to the dividend, since ownership of the stock and the right were not separable.

But were we to waive the foregoing objections, a recovery must fail for want of sufficient data upon which to compute the amount of the recovery. Since the problem for determining the sum due has as one of its factors the entire amount of business transacted with the corporation by the participating members, plus the amount of business transacted with the corporation by the respondent, it was incumbent on the respondent to show the sum total of such business. This he did not do. He showed only the sum total of his own business and the percentage awarded the participating members, seemingly in the belief that the percentage of distribution would remain the same were his business also taken into the account. It, of course, requires no mathematical demonstration to show that this method of making the calculation leads to an incorrect result.

For the reasons stated, the judgment is reversed, with instructions to grant the appellants' motion for judgment notwithstanding the verdict.

MAIN, C. J., MITCHELL, PARKER, and TOLMAN, JJ., concur.